**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | No. 12-18061 |
| | ) | |
| JOSEPH J. RICHARDSON, JR., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Pamela S. Hollis |

**COVER SHEET FOR FIRST AND FINAL APPLICATION FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
<u>FIGLIULO & SILVERMAN, P.C. AS TRUSTEE'S COUNSEL</u>**

**(Local Rule 5082-1(A))**

| | |
|---|---|
| Name of Applicant: | Figliulo & Silverman, P.C. |
| Authorized to Provide Professional Services to: | Michael K. Desmond, not individually but as Chapter 7 Trustee for the Estate of Joseph J. Richardson, Jr. |
| Date of Order Authorizing Employment: | August 21, 2012 [Dkt. 20] |
| Period of Which Compensation is Sought: | July 13, 2012 through August 6, 2015 (allowance and payment) |
| Amount of Fees Sought: | $4,075.00 |
| Amount of Expenses Sought: | $0.00 |

This is a(n):   Interim Application: _____   Final Application:   X  

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| **Date Filed** | **Period Covered** | **Total Requested (Fees & Expenses)** | **Total Allowed (Fees & Expenses)** | **Fees & Expenses Previously Paid** |
|---|---|---|---|---|

<u>None</u>

Dated: September 4, 2015                Respectfully submitted,

**FIGLIULO & SILVERMAN, P.C.**

By: /s/ William G. Cross

Michael K. Desmond (IL #6208809)
William G. Cross (IL #6299574)
FIGLIULO & SILVERMAN, P.C.
Ten South LaSalle Street
Suite 3600
Chicago, Illinois 60603
(312) 251-4600

2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | No. 12-18061 |
| | ) | |
| JOSEPH J. RICHARDSON, JR., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Pamela S. Hollis |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES OF**
<u>**FIGLIULO & SILVERMAN, P.C., AS TRUSTEE'S COUNSEL**</u>

Michael K. Desmond and the law firm of Figliulo & Silverman, P.C., collectively ("F&S"), counsel to Michael K. Desmond, not individually but as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Joseph J. Richardson, Jr. (the "Debtor"), pursuant to Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 5082-1 of the Bankruptcy Court for the Northern District of Illinois (the "Local Rules") requests the entry of an order allowing and paying a first and final award of compensation and reimbursement of expenses in the above-captioned case (the "Application").

In its Fee Application, F&S allowance and payment of final compensation of $4,075.00 for 15.3 hours of legal services rendered to the Trustee during the period July 13, 2012 through August 6, 2015 (the "Application Period"). In support of its Fee Application, F&S states as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider this First Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (M).

3. The statutory predicates for the relief requested herein are Sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 5082-1.

## INTRODUCTION

4. On May 1, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the U.S. Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Case").

5. Michael K. Desmond is the duly appointed and qualified Chapter 7 Trustee.

## BACKGROUND

6. On August 13, 2012, the Trustee filed a motion with this Court seeking to retain F&S as counsel to represent the Trustee in this bankruptcy case.

7. On August 21, 2012, the Court entered the *Order Granting Trustee's Application for Authority to Employ Counsel* [Dkt. 20] retroactive to July 13, 2012, on the terms and conditions set forth in the motion. A true and correct copy of the Court's August 21, 2012 order is attached hereto as **Exhibit A**.

8. As set forth in the application, F&S is entitled to receive compensation on an hourly basis, which, as set forth in the application, are F&S's standard and customary hourly rates for work of this nature. Additionally, as set forth in the application, F&S is entitled to recover all expenses incurred in connection with its representation of the Trustee, including, but not limited to such expenses as filing fees, expert witness fees, deposition costs, transcripts, travel costs, copying costs, and courier charges. F&S's expenses will be reimbursed by the Debtor's bankruptcy estate out of the general funds of the estate subject to approval of this Court.

2

**LEGAL SERVICES PERFORMED BY F&S**

9.     At the 341 Meeting, the Trustee was informed that prior to the Petition Date, the Debtor primary residence located at 480 North McClurg Court, Apartment 1214N, Chicago, Illinois 60611 (the "Real Property") was sold at a foreclosure sale. According to Schedule B of the Debtor's bankruptcy petition, there were $41,581.86 in surplus proceeds after sale of the Real Property (the "Proceeds").

10.    On Schedule C of his bankruptcy petition, the Debtor has taken exemptions totaling $15,000.00 in the Proceeds from the foreclosure sale of the Real Property pursuant to 735 ILCS §§ 5/12-901 and paid attorneys' fees of $3,195.00. 735 ILCS § 5/12-906 provides homeowners with an "expiring" exemption in the proceeds from the sale of their homestead property for up to one-year from the sale to permit the proceeds to be reinvested in a new home. *See In re Stewart*, 452 B.R. 726 (Bankr. C.D. Ill. 2011).

11.    In connection with this case, on behalf of the Trustee F&S researched and investigated the foreclosure sale of the Debtor's real property to determine whether and to what extent the Debtor was entitled to an exemption in the Proceeds. F&S also negotiated with Debtor's counsel for the turnover of $23,081.86, the non-exempt portion of the Proceeds, to the Trustee.

12.    F&S seeks allowance and payment of final compensation of $4,075 for 15.3 hours of legal services rendered to the Trustee during the Application Period.

13.    In light of the number of hours spent by F&S rendering legal services to the Trustee in this case and the amount recovered on behalf of the estate, F&S submits that the amount for sought for payment in this Application is fair reasonable.

3

14.     Pursuant to Local Rule 5082-1(C), F&S has attached hereto as **Exhibit B** its detailed time records setting forth the date the work was performed, the attorney performing the work, a brief statement of the nature of the work, and the time expended and fee charged for the work described in the entry.

15.     Accordingly, pursuant to Local Rule 5082-1(B)(2), F&S seeks the allowance and payment of compensation of $4,075.00 for the legal services rendered to the Trustee during the Application Period.

## NARRATIVE SUMMARY

*(LOCAL RULE 5082-1(B))*

16.     Local Rule 5082-1(B)(1)(a) – During the Application Period, F&S performed a variety of services on the Trustee's behalf, which have been categorized into principal activities. A summary list of these principal activities and the total compensation requested in connection with each is as follows:

| Task | Hours | Fees |
|---|---|---|
| Retention of Professionals | 6.3 | $1,575.00 |
| Extension of Time to Object to Exemptions | 3.5 | $ 875.00 |
| Objection to Claims | 1.5 | $ 375.00 |
| Application for Compensation | 4.0 | $1,250.00 |
| Total | 15.3 | $4,075.00 |

17.     Local Rule 5082-1(B)(1)(b) – Narrative summaries of F&S's principal activities follow, including details as to individual tasks performed within each activity:

4

(a) <u>Retention of Professionals</u> - The services under this task primarily consisted of drafting and filing motions to employ bankruptcy counsel and an accountant for the Trustee. In connection with these services, F&S expended 6.3 hours and incurred $1,575.00 in fees during the Application Period.

(b) <u>Extension of Time to Object to Exemptions</u> - The services under this task consisted of drafting two motions to extend the time to object to the Debtor's claimed exemption in the Proceeds and court appearances related to both motions. In connection with these services, F&S expended 3.5 hours and incurred $875.00 in fees during the Application Period.

(c) <u>Objection to Claims</u> - The services under this task consisted of detemionining whether there was any legal basis for objection to claims in this case. In connection with these services, F&S expended 1.5 hours and incurred $375.00 in fees during the Application Period.

(d) Application for Compensation – The services under this task consisted of preparation of this Application in connection with the Trustee's Final Report in this case. In connection with these services, F&S expended 4.0 hours and incurred $1,250.00 in fees during the Application Period.

18.    <u>Local Rule 5082-1(B)(1)(c)</u> – By this Application, F&S seeks compensation of $1,250.00 for 4.0 hours of legal services in connection with the preparation of this Application.

19.    <u>Local Rule 5082-1(B)(1)(d)</u> – A chart listing the name and position of each person with F&S who performed work on each task and activity, the approximate hours worked, and the total compensation sought for each person's work is attached as **Exhibit C**.

20.    <u>Local Rule 5082-1(B)(1)(e)</u> – The chart attached as **Exhibit D** also sets forth the hourly rate for each professional and paraprofessional for whom compensation is requested, with the total number of hours expended by each person and the total compensation sought for each.

21.    <u>Local Rule 5082-1(B)(1)(f)</u> – This is the first and final Application filed by F&S for compensation and reimbursement of expenses.

22.    <u>Local Rule 5082-1(B)(1)(g)</u> – F&S seeks the reimbursement of actual, necessary out of pocket expenses totaling $0.00.

5

23. All of the expenses for which F&S seeks reimbursement were actually incurred by F&S, were necessary for the proper representation of the Trustee in this case, and were specifically allocated to the Trustee's case. None of the expenses represents general overhead or other expenses unrelated to this case.

24. <u>Local Rule 5082-1(B)(2)</u> – F&S seeks the allowance and payment of compensation of $4,075.00 for 15.3 hours of legal services rendered to the Debtor and reimbursement of expenses of $0.00 incurred in connection with those services during the Application Period.

## **DETAILED STATEMENT OF SERVICES**
*(LOCAL RULE 5082-1(C))*

25. The Bankruptcy Rules require "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate [to] file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a). The Local Rules permit "[t]he applicant's detailed time records [to] constitute the detailed statement required by Fed. R. Bankr. P. 2016(a). Such statement must be divided by task and activity to match those set forth in the narrative description. Each time entry must state: (1) the date the work was performed, (2) the name of the person performing the work, (3) a brief statement of the nature of the work, (4) the time expended on the work in increments of tenth of an hour, and (5) the fee charged for the work described in the entry." Local R. 5082-1(C).

26. The time detail attached as **Exhibit C** comply with the requirements of Bankruptcy Rule 2016(a) and Local Rule 5082-1(C), because all time is divided by tasks and activities that match the narrative descriptions in this Application, and all time entries state the date of the work, name of person performing the work, a brief description of the nature of the

6

work, the time expended on the work in increments of tenth of an hour, and the fee charged for the work described.

## BASIS FOR RELIEF

27. Pursuant to Sections 330 and 331 of the Bankruptcy Code and the generally applicable criteria with respect to time, nature, extent, and value of services performed, all of F&S's services are compensable and the compensation requested is fair and reasonable. All of the legal services performed by F&S during the Application Period were required for the proper representation of the Trustee in this bankruptcy case.

28. The compensation sought by F&S in this Application is for ordinary and necessary services rendered to the Trustee, and the fees sought are reasonable.

29. In light of the number of hours spent by F&S rendering legal services to the Trustee in this case and the amount recovered on behalf of the estate, F&S submits that the amount for sought for payment in this Application is fair reasonable.

30. F&S prepared this Application in accordance with the guidelines established by Bankruptcy Rule 2016, Local Rule 5082-1, and this Court. In addition to services provided directly for the benefit of the estate, F&S is also entitled to receive compensation for the preparation of this Application. *Pettibone*, 74 B.R. at 304.

31. Although the Court has discretion in reviewing a fee petition, it should exercise its discretion with care and fairness in order to promote the goal of inducing competent and capable attorneys to practice in the bankruptcy court. *See Pettibone*, 74 B.R. at 306. F&S has at all times acted specifically in the best interests of the Debtor and its estate. All services performed by F&S and all expenses incurred were reasonable and necessary and for the benefit of the Debtor's bankruptcy estate.

32. F&S has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by F&S for services rendered to the Trustee in this case.

## **NOTICE**

33. F&S has provided at least twenty-one days' notice of this Application to all parties registered with CM/ECF in this case, including Debtor, Debtor's counsel, and the Office of the United States Trustee. Additionally, F&S has served paper copies of a notice of hearing on this Application by first class U.S. mail on all creditors on the mailing matrix in this case, which identifies F&S as the applicant, states the amounts requested in the Application, and provides contact information for any party to request a copy of the Application free of charge.

WHEREFORE, Figliulo & Silverman, P,C. respectfully requests that this Court enter an order:

 (a) Granting the relief requested in this Application;

 (b) Granting F&S's request to limit notice as set forth above and finding that the Notice of the Hearing on this Application was sufficient;

 (c) Allowing F&S's fees in the amount of $4,075.00 for the legal services to the Trustee between July 13, 2012 through August 6, 2015

 (d) Allowing reimbursement of expenses in the amount of $0.00;

 (e) Authorizing and directing the Trustee to pay to F&S $4,075.00 as compensation for the legal services rendered to the Trustee, and reimbursement of expenses in the amount of $0.00 between July 13, 2012 through August 6, 2015; and

 (f) Granting such other relief as this Court deems necessary or appropriate.

Dated: September 3, 2015                    Respectfully submitted,

                                                            **FIGLIULO & SILVERMAN, P.C.**

                                                            By: <u>/s/ William G. Cross</u>

                                                            Michael K. Desmond (IL #6208809)
                                                            William G. Cross (IL #6299574)
                                                            FIGLIULO & SILVERMAN, P.C.
                                                            Ten South LaSalle Street
                                                            Suite 3600
                                                            Chicago, Illinois 60603
                                                            (312) 251-4600

## CERTIFICATE OF SERVICE

I, William G. Cross, the undersigned attorney, hereby certify that on September 4, 2015, I electronically filed the **First and Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Figliulo & Silverman, P.C.** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following individuals:

*/s/ William G. Cross*

**VIA ELECTRONIC NOTICE**

- William Cross     wcross@fslegal.com

- Michael K Desmond     mkd.trustee@fslegal.com, IL23@ecfcbis.com

- Michael K Desmond     mdesmond@fslegal.com, dorisbay@fslegal.com

- John F Hiltz, Client Transition Administrator     cta@hwzlaw.com

- Patrick S Layng     USTPRegion11.ES.ECF@usdoj.gov

**VIA U.S. MAIL**

Alan D Lasko
Alan D. Lasko & Associates, P.C.
29 South LaSalle Street, Suite 1240
Chicago, IL 60603

Joseph J. Richardson
241 Sawyer Avenue
La Grange, IL 60525-2541

**CREDITOR MATRIX AND CLAIMANTS**

A T & T
BOX 8100
AURORA IL 60507-8100

AMERICAN EXPRESS
BOX 26312
LEHIGH VALLEY PA 18002-6312

AMERICAN EXPRESS
BOX 981537
EL PASO, TX 79998-1537

AMERICAN EXPRESS CENTURION BANK
C/O BECKET AND LEE LLP
POB 3001
MALVERN PA 19355-0701

AMERICAN INFOSOURCE LP AS AGENT FOR
MIDLAND FUNDING LLC
PO BOX 268941
OKLAHOMA CITY OK 73126-8941

AT & T
BOX 3002
PHOENIXVILLE PA 19460-3002

AT & T MOBILITY
BOX 6416
CAROL STREAM IL 60197-6416

AT & T MOBILITY
BOX 6463
CAROL STREAM IL 60197-6463

BAKER & MILLER, P.C.
29 N WACKER DR STE 500
CHICAGO IL 60606-3221

BANK OF AMERICA
BOX 15026
WILMINGTON DE 19850-5026

BANK OF AMERICA
BOX 17054
WILMINGTON DE 19850-7054

BANK OF AMERICA
BOX 17309
BALTIMORE MD 21297-1309

BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

BLATT HASENMILLER LEIBSKER & MOORE
125 S WACKER DR STE 400
CHICAGO IL 60606-4440

BUREAU OF COLLECTION RECORDS
ROOM 301
7575 CORPORATE WAY
EDEN PRAIRIE MN 55344-2022

CAPITAL ONE
PO BOX 30285
SALT LAKE CITY UT 84130-0285

CAPITAL MANAGEMENT SERVICES, LP
SUITE 700
726 EXCHANGE STREET
BUFFALO, NY 14210-1464

CAPITAL ONE
BOX 30281
SALT LAKE CITY UT 84130-0281

CAPITAL ONE BANK (USA), N.A.
BOX 6492
CAROL STREAM, IL 60197-6492

CAPITAL ONE BANK (USA), N.A.
PO BOX 71083
CHARLOTTE, NC 28272-1083

CAPSTONE FINANCIAL, LLC
C/O THE ALBERT LAW FIRM, P. C.
205 WEST RANDOLPH STREET, SUITE 920
CHICAGO, IL 60606-1814

CHASE BANK
OH1-1188
340 S CLEVELAND AVE BLDG 370
WESTERVILLE, OH 43081-8917

CHASE CARD SERVICES
BOX 6594409
SAN ANTONIO, TX 78365-9409

CITIMORTGAGE
BOX 183040
COLUMBUS, OH 43218-3040

| | |
|---|---|
| CITYVIEW CONDOMINIUM ASSOCIATION<br>480 NORTH MCCLURG COURT<br>CHICAGO, IL 60611-4326 | COLLECTION COMPANY OF AMERICA<br>700 LONGWATER DRIVE<br>NORWELL, MA 02061-1796 |
| COMED<br>BILL PAYMENT CENTER<br>CHICAGO, IL 60668-0001 | COMMUNITY SPECIALISTS<br>CITYVIEW CONDOMINIUM ASSOCIATION<br>BOX 2158<br>BEDFORD PARK, IL 60499-2158 |
| CONSTAR FINANCIAL SERVICES, LLC<br>3561 WEST BELL ROAD<br>PHOENIX, AZ 85053-2965 | COOK COUNTY COLLECTOR<br>ROOM 112<br>118 NORTH CLARK STREET<br>CHICAGO, IL 60602-1332 |
| DISCOVER<br>BOX 6103<br>CAROL STREAM, IL 60197-6103 | DISCOVER BANK<br>DB SERVICING CORPORATION<br>PO BOX 3025<br>NEW ALBANY, OH 43054-3025 |
| DISCOVER CARD<br>BOX 30942<br>SALT LAKE CITY, UT 84130 | DISCOVER FINANCIAL SERVICES LLC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 |
| ENHANCED RECOVERY CORP<br>8014 BAYBERRY RD<br>JACKSONVILLE, FL 32256-7412 | FIA CSNA<br>BOX 15311<br>WILMINGTON, DE 19884-0001 |

FIRSTSOURCE ADVANTAGE, LLC
205 BRYANT WOODS SOUTH
AMHERST, NY 14228-3609

FREEDMAN ANSELMO LINDBERG LLC
SUITE 333
1807 WEST DIEHL ROAD
NAPERVILLE, IL 60563-1890

GMAC
BOX 380901
BLOOMINGTON, MN 55438-0901

IC SYSTEM, INC
444 HIGHWAY 96 EAST
ST. PAUL, MN 55127-2557

ILLINOIS DEPARTMENT OF REVENUE
BANKRUPTCY DEPARTMENT
P O BOX 64338
CHICAGO IL 60664-0338

ILLINOIS DEPARTMENT OF REVENUE
BANKRUPTCY SECTION
P.O. BOX 64338
CHICAGO, ILLINOIS 60664-0338

LIOU LAW FIRM
900 WEST WASHINGTON BOULEVARD
CHICAGO, IL 60607-2298

MIDLAND CREDIT MANAGEMENT
SUITE 200
8875 AERO DRIVE
SAN DIEGO, CA 92123-2255

NCO FINANCIAL SYSTEM INC.
SUITE 300
600 HOLIDAY PLAZA DRIVE
MATTESON, IL 60443-2238

NCO FINANCIAL SYSTEMS
PO BOX 17080
WILMINGTON, DE 19850-7080

NATIONWIDE RECOVERY SYSTEMS
2304 TARPLEY DRIVE #134
CARROLLTON, TX 75006-2470

NORTHLAND GROUP, INC.
BOX 390846
MINNEAPOLIS, MN 55439-0846

NORTHSTAR LOCATION SERVICES, LLC
4285 GENESEE STREET
CHEEKTOWAGA, NY 14225-1943

NORTHSTAR LOCATION SERVICES, LLC
BOX 49
BOWMANSVILLE, NY 14026-0049

RBS CITIZENS
443 JEFFERSON BLVD
RJW 135
WARWICK RI 02886-1321

RBS CITIZENS, NA
1000 LAFAYETTE BLVD
BRIDGEPORT, CT 06604-4725

RICHARDSON JOSEPH J JR
10414 SOUTH WALDEN PARKWAY
UNIT 1E
CHICAGO, IL 60643-2639

THE ALBERT LAW FIRM, P.C.
SUITE 550
29 NORTH WACKER DRIVE
CHICAGO, IL 60606-2851

WAMU
BOX 99604
ARLINGTON, TX 76096-9604

FIA CARD SERVICES NA
PO BOX 15102
WILMINGTON DE 19886-5102